UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| MARLON COLEMAN, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | CAUSE NO. 3:09-CV-0203 WL |
| SUPERINTENDENT, INDIANA STATE PRISON, | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Petitioner Marlon Coleman, a prisoner confined at the Indiana State Prison, submitted a petition pursuant to 28 U.S.C. § 2254. The petition and the attachments to the Return to Order establish that on November 21, 2008, a disciplinary hearing board ("DHB") found Coleman guilty of a unauthorized use of an electronic device and imposed a disciplinary sanction on him. (DE 7-7). On December 2, 2008, an administrative board also imposed a loss of contact visitation on him as a result of the DHB's finding of guilt. (DE 7-9). Coleman explicitly challenges only his loss of visiting privileges, stating in his petition that "[t]his petitioner admits guilt of the charge, However, the petitioner does wish to challenge the sanction of administrative procedure 02-01-102, Loss of Contact Visits." (DE 1 at 3). The Respondent has filed a motion to dismiss the petition arguing that Coleman has not exhausted his administrative remedies and alternatively that Coleman may not challenge the loss of contact visitation in a habeas action.

A prison disciplinary action can only be challenged in a habeas corpus proceeding where it lengthens the duration of confinement. *Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003). The Fourteenth Amendment's due process clause does not provide prisoners due process protections from sanctions that do not effect the duration of their confinement. *Sandin v. Conner*, 515 U.S. 472,

487, (1995) (distinguishing between a prison disciplinary sanction that will inevitably affect the duration of the inmate's sentence and sanctions that do not affect the duration of his sentence). Prisoners may not use 28 U.S.C. § 2254 to challenge prison disciplinary sanctions that do not effect the duration of their confinement. *Sylvester v. Hanks*, 140 F.3d 713 (7th Cir. 1998). The loss of contact visitation Coleman challenges was not imposed by the DHB as part of the disciplinary process, and the loss of visitation privileges will not lengthen the duration of his confinement. Accordingly, Coleman may not challenge the deprivation of contact visitation in § 2254 petition.

For the foregoing reasons, the court **GRANTS** the Respondent's motion to dismiss (DE 6), and **DISMISSES** this petition.

    **SO ORDERED**

    DATED: October  16 , 2009

                                              **s/William C. Lee**
                                              William C. Lee, Judge
                                              United States District Court